IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| SECURIAN LIFE INSURANCE COMPANY, | § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | MO:25-CV-00517-DC-RCG |
| SHAWN DODD and SHIRL LYNN LAWLER, | | |
| *Defendants*. | | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff Securian Life Insurance Company's ("Plaintiff") Motion for Default Judgment against Defendant Shawn Dodd ("Defendant Dodd"). (Doc. 18).[1] This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 18).

### I.    BACKGROUND

On November 7, 2025, Plaintiff filed a Complaint for Interpleader in this case against Defendant Dodd and Shirl Lynn Lawler ("Defendant Lawler"). (Doc. 1). The relevant factual allegations are as follows. Prior to his death, Edward "Glen" Dodd (the "Insured") was employed by Citgo Petroleum Corporation ("Citgo"). *Id*. at 2. Citgo established and maintained an employee welfare benefit plan through which it provided its eligible employees with life insurance funded through Securian's Group Policy No. 70560 (the "Group Policy"). *Id*. As a benefit of his employment with Citgo, the Insured was eligible for and received coverage under the Group Policy issued by Securian, which included $31,600.00 in life insurance coverage (the

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

"Policy Proceeds"). *Id*. On July 21, 2016, the Insured designated Defendant Dodd as the beneficiary for his coverage under the Group Policy (the "First Designation"). *Id*. Then, on December 16, 2023, the Insured designated Defendant Lawler as the beneficiary for his coverage under the Group Policy (the "First Designation"). *Id*. at 3.

On January 24, 2025, the Insured died. *Id*. Thereafter, Defendant Lawler claimed the Policy Proceeds under the Group Policy based on the Second Designation. *Id*. Plaintiff also received a claim from Defendant Dodd under the First Designation because he questioned the validity of the Second Designation. *Id*. Plaintiff has reasonable doubt as to who, among the Claimants, is entitled to the Policy Proceeds, and it has no interest in the Policy Proceeds other than fulfilling its contractual obligation to pay the sums due to the appropriate party under the Group Policy. *Id*.

Summons in this case were issued as to Defendant Dodd on November 10, 2025. (Doc. 4). On December 15, 2025, Plaintiff filed executed summons as to Defendant Dodd. (Doc. 5). Plaintiff's proof of service shows Defendant Dodd was served by process server at 500 N. Loraine St., Midland, Texas 79701, on December 5, 2025. *Id*. To date, Defendant has failed to answer Plaintiff's Complaint or otherwise make an appearance in this lawsuit. On March 17, 2026, Plaintiff filed a Motion for Clerk's Entry of Default. (Doc. 16). The next day, the Clerk of Court entered default against Defendant Dodd. (Doc. 17). On March 24, 2026, Plaintiff filed the instant Motion for Default Judgment. (Doc. 18).

Plaintiff seeks a declaratory judgment whereby the Court discharges it from all liability to Defendant Dodd with respect to the Group Policy, the Insured's coverage under the Group Policy, and the Policy Proceeds. (Doc. 1 at 4). A hearing was held on the instant Motion for

Default Judgment on April 21, 2026. (Doc. 23). Accordingly, this matter is now ripe for disposition.

## II.    LEGAL STANDARD

After entry of default and upon a motion by the plaintiff, Federal Rule of Civil Procedure 55 authorizes the Court to enter a default judgment against a defendant who fails to plead or otherwise defend the suit. FED. R. CIV. P. 55(b). However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In determining whether to enter a default judgment, courts utilize a three-part test. *See United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008). First, courts consider whether the entry of default judgment is procedurally warranted. *Id*. The factors relevant to this inquiry include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. Second, courts assess the substantive merits of the plaintiff's claims, determining whether the plaintiff set forth sufficient facts to establish his entitlement to relief. *See 1998 Freightliner*, 548 F. Supp. 2d at 384. In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Nishimatsu Constr.*

3

*Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Third, courts determine what form of relief, if any, the plaintiff should receive in the case. *Id.*; *1998 Freightliner*, 548 F. Supp. 2d at 384. Generally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

## III.    DISCUSSION

Applying the three-part analysis detailed above, the Court finds Plaintiff is entitled to a default judgment against Defendant Dodd.

### A.  Default Judgment is Procedurally Warranted

In light of the six *Lindsey* factors enumerated above, the Court finds that default judgment is procedurally warranted. First, Defendant Dodd has not filed any responsive pleadings or otherwise appeared in this case. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendant Dodd's total failure to respond has brought the adversarial process to a halt, effectively prejudicing Plaintiff's interests. *Lindsey*, 161 F.3d at 893. Third, the grounds for default are "clearly established" since over the course of this case, Defendant Dodd has not responded to the summons and Complaint, the Court's Show Cause Order, the Entry of Default, or Plaintiff's Motion for Default Judgment. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding default judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by the parties' failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment).

Fourth, there is no evidence before the Court indicating Defendant Dodd's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Defendant Dodd has had over five months to respond to Plaintiff's claims or otherwise appear in this matter. Consequently, any purported harshness of a default judgment is mitigated by Defendant Dodd's inaction for this lengthy time period. *United States v. Rod Riordan Inc.*, No. 17-CV-071, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018). Finally, the Court is not aware of any facts that give rise to "good cause" to set aside the default if challenged by Defendant Dodd. *Lindsey*, 161 F.3d at 893. Therefore, the Court finds default judgment is procedurally warranted under these circumstances.

### B. Default Judgment is Substantively Warranted and Plaintiff's Right to Relief

Due to the entry of default, Defendant Dodd is deemed to have admitted the allegations outlined in Plaintiff's Complaint. *See Nishimatsu Constr.*, 515 F.2d at 1206. Even so, the Court must review the pleadings to determine whether Plaintiff pleaded a sufficient basis for its claims to relief. *See id.* Federal Rule of Civil Procedure 8 guides this analysis:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (internal citations and footnote omitted) (alteration in original). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id.*

Here, Plaintiff's sole claim is for declaratory relief. "When considering a declaratory judgment action, a district court must engage in a three-step inquiry." *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The three steps are determining (1) "whether an 'actual controversy' exists between the parties to the action"; (2) "whether [the Court] has the 'authority' to grant declaratory relief in the case presented"; and (3) "how to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id*. (citations omitted).

The Court must first determine if an "actual controversy" exists. "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality' [exists] between parties having adverse legal interests." *Fid. & Guar. Life Ins. v. Unknown Tr. of Revocable Trust-8407*, No. 13-CV-412, 2014 WL 2091257, at *3 (W.D. Tex. May 16, 2014) (quoting *Orix Credit All.*, 212 F.3d at 896). Here, both Defendant Dodd and Defendant Lawler have both made claims for the Policy Proceeds under the Group Policy that Plaintiff is required to pay out. Thus, an actual controversy exists.

"Under the second element of the *Orix Credit Alliance* test, a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. §] 2283." *Fid. & Guar. Life Ins.*, 2014 WL 2091257, at *4 (quoting *Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 388 n.1 (5th Cir. 2003) (citations omitted)). Here, nothing before the Court establishes the existence of a similar, parallel state court action relating to this cause. With no evidence of a similar pending state court action, the Court has the authority to grant declaratory relief pursuant to the guidelines set forth in *Orix Credit Alliance.*

6

Third and finally, the Court must determine whether to exercise or decline jurisdiction. The Fifth Circuit has stated that, when determining whether to exercise or decline jurisdiction over a declaratory judgment action, a district court should consider several important factors, particularly: (1) "whether a state action is pending in which all of the matters in controversy may be fully litigated"; (2) "whether the plaintiff filed the declaratory action suit in anticipation of a suit by the defendant"; (3) "whether the plaintiff engaged in forum shopping in bringing the suit"; (4) "whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums"; (5) "whether the federal court is convenient for the parties and witnesses"; (6) "whether retaining the case in federal court will serve judicial economy"; and (7) "whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *Id*. (citing *Sherwin–Williams*, 343 F.3d at 388).

After reviewing the record, the Court holds these factors balance in favor of granting Plaintiff's requested declaratory judgment. As noted above, there is no evidence of a similar, parallel, state court action pending that is related to the instant case. There is no evidence that Plaintiff filed the action in anticipation of a suit, and there is no evidence that Plaintiff has engaged in forum shopping in bringing suit. Furthermore, fairness weighs in favor of granting default judgment, and a declaratory judgment resolving the question before the Court today would further judicial efficiency. A declaratory judgment in this case will allow Plaintiff to pay out Defendant Lawler's claim as she was the most recent designation of the Insured's policy. This will foreclose a future suit from Defendant Dodd seeking to enforce his rights in the Policy Proceeds.

Thus, the Court finds it appropriate to grant Plaintiff's requested relief for a declaratory judgment whereby the Court discharges it from all liability to Defendant Dodd with respect to the Group Policy, the Insured's coverage under the Group Policy, and the Policy Proceeds. (Doc. 1 at 4).

## IV.    RECOMMENDATION

For the aforementioned reasons, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 18). Further, the Court **RECOMMENDS** a final judgment be entered against Defendant Dodd as follows:

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that an interlocutory default judgment is hereby entered in Plaintiff's favor against Defendant Dodd.

It is further **ORDERED**, **ADJUDGED**, and **DECREED** that Plaintiff is fully and finally **DISCHARGED** from all liability to Defendant Dodd, or anyone claiming by, through, or under him, with respect to the proceeds of the life insurance coverage on Edward "Glen" Dodd (the "Insured") under Securian's Group Policy No. 70560 (the "Group Policy"), which Securian issued to the Insured's employer Citgo Petroleum Corporation.

It is further **ORDERED**, **ADJUDGED**, and **DECREED** that Defendant Dodd is **ENJOINED** and **RESTRAINED** from instituting or prosecuting further any proceeding in any state or United States court, including this Court, either at law or in equity, against Plaintiff arising out of or relating to the Group Policy or the proceeds payable thereunder as a result of the Insured's death.

It is finally **ORDERED**, **ADJUDGED**, and **DECREED** that any and all claims, demands, debts, or causes of action that Defendant Dodd could have asserted against Plaintiff herein are **DISMISSED WITH PREJUDICE**.

9

SIGNED this 23rd day of April, 2026.


_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

10